IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Weldon Eugene Holtzclaw, Jr., | ) | C/A No. 6:25-cv-00893-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Dr. Martin, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's complaint alleging violations of his constitutional rights and his motion for preliminary injunction. ECF Nos. 1, 9. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report"). On April 4, 2025, the Magistrate Judge issued a Report ("the First Report") recommending that Plaintiff's motion for preliminary injunction be denied. ECF No. 15. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections. ECF No. 17.[1] On June 2, 2025, the Magistrate Judge issued a second Report ("the Second Report") recommending that this action be dismissed without prejudice, without issuance and

---

[1] The document is labeled as an appeal of the Magistrate Judge's order at ECF No. 14, which is the second proper form order. Out of an abundance of caution for a pro se party, this document has been considered as objections but is also addressed as an appeal from a non-dispositive order below.

service of process, and without leave to amend. ECF No. 22. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections.[2] ECF No. 24.

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

---

[2] The Court notes that one copy of the Report was returned as undeliverable. ECF No. 26. However, the Report was sent to two addresses and the other copy has not returned. See ECF No. 23.

## **ANALYSIS**

As an initial matter, the Magistrate Judge has provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference. Turning first to the First Report, as noted above, while there is a document that has been liberally construed as objections, Plaintiff does not substantively address the Report. Nevertheless, out of an abundance of caution for a pro se party, the Court has reviewed the First Report, the record, and the applicable law de novo. Upon such review, the Court agrees with the recommendation of the Magistrate Judge and denies the motion for preliminary injunction.

The Court now turns to consideration of the Second Report and Plaintiff's objections. As Plaintiff filed objections, the Court's review has been de novo. The Magistrate Judge recommends summary dismissal pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with an order of the Court. As explained in more detail by the Magistrate Judge, Plaintiff has been given two opportunities to bring this case into proper form for further evaluation. ECF Nos. 4, 14. Plaintiff has not complied with the proper form order. In his objections, Plaintiff does not address his failure to bring this case into proper form and instead makes several statements about the Magistrate Judge. Plaintiff does not request additional time to complete the service documents or allege that he has been prevented from or is unable to complete the service documents. Therefore, upon review, the Court agrees with the recommendation of the Magistrate Judge that this action is subject to summary dismissal.

Finally, the Court will address Plaintiff's appeal of the Magistrate Judge's proper form order. The Magistrate Judge's order is non-dispositive. Federal Rule of Civil Procedure 72(a) permits a party to submit objections/appeals to a magistrate judge's ruling on non-dispositive matters. Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any [non-dispositive] pretrial matter . . . where it has been shown that the magistrate's order is clearly erroneous or contrary to law."). The objections/appeal must be filed and served within 14 days after being served a copy of the non-dispositive order. *Id*. Further, the Court's review is governed by the clearly erroneous or contrary to law standard of review. *Id*. Only if the decision is clearly erroneous or contrary to law may the district judge modify or set aside any portion of the decision. *Id*. A court's "finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364 (1948). The Court has reviewed the Magistrate Judge's order and Plaintiff's appeal. Upon such review, the Court finds that the Magistrate Judge's order is neither clearly erroneous nor contrary to law. Accordingly, the appeal is denied.[3]

---

[3] To the extent any of Plaintiff's filings should be liberally construed as requesting recusal of the undersigned, that request is denied. Recusal of federal judges is generally governed by 28 U.S.C. § 455. Subsection (a) of § 455 provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." In the Fourth Circuit, this standard is analyzed objectively by considering whether a person with knowledge of the relevant facts and circumstances might reasonably question the judge's impartiality. *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003). It appears that any request for recusal is solely based upon prior rulings in Plaintiff's various cases. However, judicial rulings alone, "almost never constitute a valid basis for a bias or partiality motion." *See Liteky v. U.S.*,

**CONCLUSION**

Accordingly, the Court agrees with the First Report of the Magistrate Judge and **DENIES** [9] motion for preliminary injunction. Plaintiff's appeal [17] is **DENIED**. The Court further agrees with the Second Report of the Magistrate Judge and **DISMISSES** this action without prejudice, without issuance and service of process, and without leave to amend pursuant to Rule 41(b).

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

November 17, 2025
Spartanburg, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

510 U.S. 540, 555 (U.S. 1994). "In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism." *Id.* Any such request, therefore, is insufficient as a matter of law to establish any basis for recusal and is denied.